Cushing, J.
This is an action for wrongfully causing the death of Israel Notkin, a minor ten *392 years' of age/ The petition charges that defendant’s automobile was 'being driven south on Elm street, between Eighth and Seventh streets, without a warning of any kind; that it was driven at a high, dangerous and excessive rate of speed; and that it was being so driven when the driver saw, or, in the exercise of ordinary care, should have seen, Israel Notkin, in time "to have avoided striking him.
It is established that the automobile was proceeding south on the west side of Elm street; that at' least two automobiles were parked on that side of Elm street, about halfway between Seventh and Eighth streets; that the boy had a scuffle with a larger boy on the sidewalk; and that' on leaving the sidewalk on the west side of Elm street, after the scuffle, he went east between the parked automobiles and was injured before he reached the west rail of the street' car tracks.
The evidence is conflicting as to the location of defendant’s automobile at the time, and as to whether the boy w.alked, ran or darted out between the parked automobiles; also as to whether or not the accident happened on account of such darting out, or whether the boy was walking across or standing in the street at the time of the accident. The verdict was for the defendant. The jury must have found that the boy ran or darted out, that the driver of the automobile did not and could not have known of the boy’s movement, and that it' was an inevitable and unavoidable accident so far as the driver of the automobile was concerned. On the facts stated it can not be said that the verdict was against the weight of the evidence, unless there *393 was error as charged. Counsel for plaintiff in error rely on the following assignments of error for a reversal:
1. The verdict (in view of the last-chance doctrine) was against the weight of the evidence.
2. Refusal to give special charge number six,stating the doctrine of last chance as applied to this case.
3. Errors in the general charge relating to proximate cause and last-chance doctrine.
4. Refusal to give special charge number five, to the effect that it was not unlawful for the deceased child to attempt to cross the street in the middle of the block.
The first, second and a part of the third assignments of error relate to the last-chance doctrine.
Special charge number six is as follows:
“If you find from the evidence that after Israel Notkin had reached a place of peril in the street in front of the automobile where he was in danger of being struck by it, and could not thereafter save himself, the chauffeur could then, in the exercise of ordinary care and watchfulness, have seen Israel Notkin in such position of peril, and that there was then sufficient space between the automobile and Israel Notkin to have permitted the chauffeur in the exercise or [of] ordinary vigilance to stop or check the automobile without striking Israel Notkin, and if you further find from the evidence that the chauffeur failed to use such ordinary care and watchfulness to discover said Notkin or stop or check the automobile, and as a result thereof the automobile struck and killed Israel Notkin, the ,plaintiff is entitled to a verdict in this case.”
*394 The doctrine of last chance has no application in a case where the negligence of plaintiff was concurrent with that of the defendant. Drown v. The Northern Ohio Traction Co., 76 Ohio St., 234; Bejac v. The C., P. & E. Ry. Co., 23 C. C., N. S., 475, affirmed, 90 Ohio St., 409; Galati v. The Erie Railroad, 23 C. C., N. S., 63; Henry v. The C., L. & A. Elec. St. Rd. Co., 23 C. C., N. S., 40; Harris v. The Mansfield Railway, Light & Power Co., 21 C. C., N. S., 209, and Goodman v. The Cleveland Elec. Ry. Co., 16 C. C., N. S., 208.
The special charge contains the same error as that passed upon in the case of Luebbering, Admr., v. Whitaker, ante, 365, this day decided. The doctrine of last chance is only applicable after the discovery by defendant of plaintiff’s peril. The special charge was properly refused.
Plaintiff in error requested special charge number five as follows:
“It was not unlawful for Israel Notkin to attempt to cross the street in the middle of the block.”
This charge was refused. The question presented by this charge was not an issue in this case, made by either the pleadings or proof. The refusal to give it does not require a reversal.
It is claimed that the court erred in its general charge in stating the law of proximate cause. That term has been defined in so many cases that it need not be repeated here. It is the law that a charge should be a plain, distinct and unambiguous .exposition of the law applicable to the case, as made by the pleadings and proof. Therefore courts should refrain fropi stating what is not included in proxi *395 mate cause, nor should they point out or emphasize any particular facts in defining proximate cause.
On consideration of the record we conclude there are no prejudicial errors. The judgment will therefore be affirmed.

Judgment affirmed.

Shohl, P. J., and Hamilton, J., concur.